| | |
|---|---|
| 1 | ANDRÉ BIROTTE JR.<br>United States Attorney |
| 2 | LEON W. WEIDMAN<br>Assistant United States Attorney |
| 3 | Chief, Civil Division[1]<br>THOMAS K. BUCK |
| 4 | Assistant United States Attorney<br>California Bar Number 70307 |
| 5 | JONATHAN B. KLINCK<br>Assistant United States Attorney |
| 6 | California Bar Number 119926 |
| 7 | Federal Building, Suite 7516<br>300 North Los Angeles Street |
| 8 | Los Angeles, California 90012<br>Telephone: (213) 894-3989 |
| 9 | Facsimile: (213) 894-7819<br>Email: tom.buck@usdoj.gov |
| 10 | Attorneys for Defendants |
| 11 | United States of America and<br>Drug Enforcement Administration[1] |

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL LOMELI AGUILA;<br>MARIA GUADALUPE GARCIA<br>ALVAREZ DE LOMELI, | SACV 08-1455 AG(RCx)<br>(consolidated with SACV 08-09-644) |
| Plaintiffs, | [~~PROPOSED~~]<br>PROTECTIVE ORDER |
| vs. | |
| THE UNITED STATES OF<br>AMERICA, THE UNITED STATES<br>DRUG ENFORCEMENT AGENCY,<br>UNKNOWN NAMED DRUG<br>ENFORCEMENT AGENCY<br>AGENTS 1-10; UNKNOWN<br>NAMED SUPERVISING DRUG<br>ENFORCEMENT AGENCY<br>AGENTS 11-20 | Hon. Andrew J. Guilford |
| Defendants. | |

---

[1] Plaintiffs' Complaint incorrectly names the Drug Enforcement Administration as the "United States Drug Enforcement Agency."

1

Pursuant to the Parties' Stipulation for Protective Order and good cause having been shown, IT IS HEREBY ORDERED THAT:

(1) The parties may use documents and records produced by Defendants in conducting further discovery in this case.

(2) The parties may use documents and records produced by Defendants in all law and motion proceedings. However, any documents or records that Defendants mark as "Confidential" will be not be filed with the Court unless filed under seal.

(3) Whenever counsel for the Defendants believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed information which may be within the scope of the provisions of the Privacy Act or subject to the law enforcement investigatory privilege, counsel for the Defendants shall, in writing provided to Plaintiffs' counsel, designate the information as subject to the Protective Order by stamping or printing "Confidential" on the front page or face of the document or interposing that phrase prior to a discovery response, such as in response to a propounded Interrogatory. Counsel for Plaintiffs and Defendants shall take all steps reasonably necessary to safeguard the confidentiality of all documents, records, and information marked as "Confidential."  The documents, records and information marked as "Confidential" are to be used solely pursuant to the Protective Order and are to be used solely for the purpose of this litigation and may not be disclosed, in any manner whatsoever, to anyone for any other purpose or reason whatsoever.

(4) The parties shall have the right to use records produced by Defendants in all preparations for trial.  Any disclosure of the documents and records or information derived therefrom, except disclosures authorized by the other sections of the Protective Order, shall be conditioned upon the recipient of the documents, records, or information being advised of the terms of the Protective Order and agreeing in writing to comply with its terms, with the understanding that a failure

to comply with the Protective Order may result in the imposition of sanctions by this Court.  Such written agreement shall take the following form:

> I, _____, hereby acknowledge that I have read the Protective Order entered on _____, 2010, in <u>Miguel Lomeli Aguila, et al. v. United States, et al.</u>, in the United States District Court for the Central District of California.  I hereby agree to be bound by the terms and conditions of the Protective Order, including that the documents, records, and information protected by the Protective Order are to be used solely pursuant to the Protective Order and solely for the purpose of this litigation and that they may not be disclosed, in any manner whatsoever, to anyone for any other purpose or reason whatsoever.  I acknowledge that my duties under the Protective Order shall survive the termination of this case and are permanently binding on me and that failure to comply with the Order may result in the imposition of sanctions by the Court.

(5)  Nothing herein shall prohibit the parties or counsel from disclosing a document or its contents which constitute or contains information protected under the Protective Order to the person the document identifies as an author or addressee of such document.

(6) Nothing herein shall be construed as precluding Plaintiffs or Defendants from introducing materials that are subject to the Protective Order, or the contents thereof, into evidence at any trial or court proceeding of this case. However, in the event that any material subject to the Protective Order is used in any trial or court proceeding of this case, it shall not lose its status through such use, and the parties shall take all steps reasonably necessary to protect its confidentiality.

(7)  Upon conclusion of this action (including any appellate proceedings), all copies of documents, records, or information protected by the Protective Order (except copies of documents accepted into evidence) made pursuant to the terms of

1  this Order shall be returned to the Defendants or destroyed within sixty (60) days
2  by the Plaintiffs' attorney.
3      (8) This Protective Order does not constitute a ruling upon any objection to
4  the production of documents, records or information other than an objection based
5  on the Privacy Act of 1974, 5 U.S.C. § 552a.  Nothing in this Protective Order
6  shall be construed to preclude the Defendants from asserting the law enforcement
7  investigatory privilege or  any other applicable privilege, or to preclude the
8  Defendants from declining to produce materials or portions of materials where the
9  Defendants deem it appropriate.
10     IT IS SO ORDERED.
11 DATED: June 24, 2010_____
12                     __/S/ Rosalyn M. Chapman
                       UNITED STATES DISTRICT JUDGE